IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED STATES *ex rel.* CHRIS
O'BIER,
        *Plaintiff,*
   v.

TIDALHEALTH NANTICOKE, INC.,
et al.,
        *Defendants.*

No. 1:19-cv-687-SB

---

John D. McLaughlin, Jr., FERRY JOSEPH, P.A., Wilmington, Delaware; Michael J. Khouri, KHOURI LAW FIRM APC, Irvine, California.

        *Counsel for Plaintiffs.*

Brian J. McLaughlin, Katherine Randolph Fry, OFFIT KURMAN, P.A., Wilmington, Delaware; Jennifer J. Coyne, Todd Reinecker, MILES & STOCKBRIDGE P.C., Baltimore, Maryland.

        *Counsel for TidalHealth Nanticoke, Inc.*

Richard A. Robinson, BURR & FORMAN LLP, Wilmington, Delaware; James A. Hoover, BURR & FORMAN LLP, Birmingham, Alabama.

        *Counsel for Kunal Agarwal and Candace McKnight Johnson.*

Martin S. Himeles, Jr., ZUCKERMAN SPAEDER LLP, Baltimore, Maryland; Thomas G. Macauley, MACAULEY LLC, Wilmington, Delaware.

        *Counsel for Lincare, Inc.*

Daniel A. Griffith, WHITEFORD TAYLOR & PRESTON LLC, Wilmington, Delaware.

        *Counsel for Bay View Homecare, Inc.*

**MEMORANDUM OPINION**

May 11, 2021

BIBAS, *Circuit Judge*, sitting by designation.

Chris O'Bier is a disgruntled seller of medical equipment. She is disgruntled because she wants a hospital to refer patients to her, but the hospital seems to like her rivals much better. She has decided that the hospital and her rivals must be conspiring to defraud the federal government, but offers no other evidence. I will dismiss these claims as implausible.

**I. BACKGROUND**

O'Bier sells equipment like air-pressure machines for sleep-apnea patients. Compl., D.I. 1, ¶ 6. She wants TidalHealth Nanticoke Hospital to send her business. But sometimes the hospital refuses to send patients to her; at other times, it sends them, though only after urging them to go elsewhere. *Id.* ¶¶ 80–94. She is upset by this and has sued the hospital, a doctor and nurse there, and two of her rivals (Bay View and Lincare).

O'Bier, of course, has no right to the hospital's referrals. So she does not sue in her own name. Instead, she guesses that the defendants have been conspiring to defraud the federal government, and now sues on its behalf. *See* 31 U.S.C. § 3730 (allowing "private persons" to bring false-claims actions "in the name of the Government"). O'Bier claims that the defendants are Medicare providers. Compl. ¶ 71. And she thinks they have violated the Medicare rules in three ways.

First, she speculates that the hospital prefers her rivals to her because they give it secret kickbacks. *Id.* ¶ 96. She claims that this violates the Anti-Kickback Statute

2

and the Stark Law, two laws that regulate healthcare providers' conflicts of interest. 42 U.S.C. §§ 1320a-7b(b), 1395nn.

Second, she claims that when the hospital refuses to refer patients to her, it violates Medicare's "freedom of choice rule." *See* Compl. ¶ 95. The rule says that "[a]ny individual entitled to [Medicare] benefits … may obtain health services from any [Medicare provider] if such [provider] undertakes to provide him such services." § 1395a(a).

Finally, she alleges that the hospital prescribed services that were "not medically necessary." Compl. ¶ 107. She claims that the hospital referred to her rivals some patients who already had equipment from her. *See, e.g.*, *id.* ¶ 90. So she reasons that those patients did not need the rivals' equipment. (She does not say which Medicare rule this violated.)

Medicare providers must certify that they have complied with the Medicare rules. *U.S. ex rel. Schmidt v. Zimmer, Inc.*, 386 F.3d 235, 243 (3d Cir. 2004); *see, e.g.*, 42 C.F.R. § 413.24(f)(4)(iv)(B). Since O'Bier thinks the defendants violated those rules, she also thinks they must have submitted false claims to the Government. So she brings three counts in the government's name under the False Claims Act, 31 U.S.C. § 3729. *See U.S. ex rel. Wilkins v. United Health Grp., Inc.*, 659 F.3d 295, 305 (3d Cir. 2011) (explaining that the Act covers someone who "knowingly falsely certifies that [he] has complied with a statute or regulation [that] is a condition for Government payment").

3

The government was not interested in this case. D.I. 11. So O'Bier presses on alone. The defendants have moved to dismiss. I will dismiss the case with prejudice.

## II. THE FALSE CLAIMS ACT COUNTS FAIL

To survive the motions to dismiss, O'Bier must plausibly allege that the defendants violated a Medicare rule. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Plus, because this is a fraud case, she "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Accepting all her allegations as true, the complaint still falls short of even the *Twombly* standard.

First, O'Bier has not plausibly alleged violations of the Stark Law or Anti-Kickback Statute. Her theory is that because the hospital "almost exclusively refer[s]" patients to Bay View and Lincare, it *must* be getting illegal kickbacks from them. Compl. ¶¶ 80, 96. Not so. There are countless other reasons why the hospital might not send patients to her. Perhaps it just thinks her rivals are better. She does not explain why her conspiracy theory is plausible, let alone describe it with particularity.

Even if her reasoning were plausible, the premise is wrong: the hospital *does* send patients to her. Of the thirteen TidalHealth patients profiled in her complaint, the hospital ultimately sent at least five to her. *Id.* ¶¶ 84, 88, 89, 93, 94. Meanwhile, she names only four patients it sent to Lincare, and just two it sent to Bay View. *Id.* ¶ 85, 88–90, 92, 93. That does not show an "almost exclusive" kickback scheme.

Next, O'Bier has failed to plausibly allege that the defendants violated the "freedom of choice" rule. Some courts have held that the rule binds only the government, not private parties. *See, e.g.*, *MacArthur v. San Juan Cnty.*, 416 F. Supp. 2d 1098,

4

1141–42 (D. Utah 2005). But even if the rule covered private hospitals, TidalHealth did not violate it. The hospital did not *forbid* anyone to deal with O'Bier; it just (sometimes) refused to help. The patients were still free to buy from her. They simply needed to find another hospital.

Finally, O'Bier has not plausibly alleged that anyone billed Medicare for unnecessary services. She claims that her rivals twice sent a breathing device to patients who already had one from her. Compl. ¶¶ 85, 90. Thus, she reasons, the devices they sent were not medically necessary.

But in one of her examples, the patient refused to take the rival's device. *Id.* ¶ 85. It is *conceivable* that the company billed Medicare anyway, but O'Bier offers not a shred of evidence that this happened. In the other case, the patient took the rival's device and returned O'Bier's. So then, the other company's product was medically necessary. Unless *O'Bier* kept billing Medicare for the equipment she took back, Medicare was not double-billed.

I would normally give O'Bier a chance to replead her case with more details. But she admits that she is "unable to provide further evidence of the Defendants' alleged unlawful referral scheme." Compl. ¶ 98. So amending would be futile. I will thus dismiss the complaint with prejudice.